**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANDREW DELANEY,

Plaintiff,

v. 1:26-cv-1393 (AMN/DJS)

JOHN DELANEY,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**ANDREW DELANEY**
3550 North Goldwater Boulevard #1038
Scottsdale, AZ 85251
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On July 17, 2026, plaintiff *pro se* Andrew Delaney ("Plaintiff") commenced this action against defendant John Delaney ("Defendant"), his brother, alleging various causes of action arising under New York, Arizona, and federal law. *See* Dkt. No. 1 ("Complaint"). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 2, which United States Magistrate Judge Daniel J. Stewart granted on August 14, 2026, *see* Dkt. No. 5.

Magistrate Judge Stewart also reviewed the Complaint pursuant to 28 U.S.C. § 1915. On August 14, 2026, Magistrate Judge Stewart recommended that this Court permit Plaintiff's case to proceed with the exception of two claims that lack a private right of action. Dkt. No. 6 ("Report-

Recommendation").[1] Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Stewart advised that the parties had fourteen days within which to file written objections, and that failure to object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* at 8. No party has filed objections, and the time for filing objections has expired.

For the following reasons, the Court adopts the Report-Recommendation in its entirety, dismisses Plaintiff's two claims brought without a private cause of action with prejudice and without leave to amend, and otherwise permits Plaintiff's case to proceed.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews it for clear error.

Magistrate Judge Stewart reviewed the nine claims Plaintiff makes against Defendant: defamation, defamation per se, intentional infliction of emotional distress; federal interstate cyberstalking, *see* 18 U.S.C. § 2261A; criminal harassment under Arizona law, *see* A.R.S. §§ 12-511, 13-2921; conversion; quiet title pursuant to New York law, *see* N.Y. Real Prop. Acts. Law § 1501; imposition of a constructive trust; and an accounting action. Dkt. No. 6 at 2 (citing Dkt. No. 1).

Magistrate Judge Stewart concluded that two of Plaintiff's claims must fail because they are both brought under statutes that do not provide a private right of action. *See* Dkt. No. 6 at 6-7

& n.4. A civil claim brought by a private party must be dismissed if there is no private right of action. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). "[P]rivate rights of action to enforce federal law must be created by Congress," *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001), and Arizona statutory law creates a private right of action only where it is "expressly granted" or "consistent with the context, language, subject matter, effects, and purpose of the statutory scheme." *Chavez v. Brewer*, 214 P.3d 397, 406 (Ariz. Ct. App. 2009). Typically, neither federal nor Arizona criminal statutes provide private rights of action. *See Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) ("[F]ederal criminal statutes do not provide private causes of action."); *Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 877 P.2d 1345, 1350 (Ariz. Ct. App. 1994) ("The general rule is that no private cause of action should be inferred based on a criminal statute . . . .") (internal quotation omitted).

For Plaintiff's federal interstate cyberstalking claim—brought under a statute that provides only for criminal punishment, *see* 18 U.S.C. §§ 2261A, 2261(b), 2261B—Magistrate Judge Stewart agreed with the "unanimous [case law] that no private right of action is available" and thus recommended dismissal, *see* Dkt. No. 6 at 6 (quoting *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016)).[2] Plaintiff's Arizona claim is also brought under a criminal statutory scheme. A.R.S § 13-2921 is Arizona's criminal statute defining harassment, and under Arizona law "a private party may not enforce a criminal statute through a civil action." Dkt. No. 6 at 7 (quoting *Smith v. Am. Red Cross*, No. CV-20-210,

---

[2] Though this means that Plaintiff's sole federal claim must fail, Magistrate Judge Stewart noted that the Complaint alleges more than $350,000 in compensatory, general, and special damages, Dkt. No. 6 at 4 (citing Dkt. No. 1 at 11)—in addition to $500,000 in punitive damages, *see id.* The Complaint states that Plaintiff is an Arizona resident and that Defendant is a New York resident and citizen. *See* Dkt. No. 1 at ¶¶ 6-7. Accordingly, as alleged, the Court has diversity jurisdiction over this case. *See* 28 U.S.C. § 1332.

2020 WL 4904240, at *2 (D. Ariz. Aug. 20, 2020)). The other statute Plaintiff cites, A.R.S. § 12-511, only "relate[s] to statutes of limitations and do[es] not independently create a cause of action." *Brown v. Markham*, No. 2 CA-CV 2014-0048, 2014 WL 3962734, at *2 (Ariz. Ct. App. Aug. 14, 2014); *see also* Dkt. No. 6 at 7 n.4. Because neither Arizona statute provides Plaintiff with a cause of action, Magistrate Judge Stewart recommended dismissal of the associated Arizona law claim. *See id.* at 6-7.

Reviewing the remainder of Plaintiff's claims, however, Magistrate Judge Stewart determined "the Complaint contains sufficient allegations to warrant a responsive pleading from Defendant." Dkt. No. 6 at 7. For defamation, defamation per se, and intentional infliction of emotional distress, Magistrate Judge Stewart found the Complaint alleged that Defendant engaged in a pattern of "threatening electronic communications, false accusations of criminal conduct, [and] complaints to government agencies." Dkt. No. 6 at 2 (quoting Dkt. No. at ¶ 18). For conversion, Magistrate Judge Stewart described allegations Defendant took possession of $30,000 that Plaintiff had transferred for the care and medical needs of the parties' late mother, and Defendant also allegedly sold an antique Burmese lacquer chest belonging to Plaintiff to a third party. Dkt. No. 6 at 3 (citing Dkt. No. 1 at ¶¶ 16, 44). For the quiet title, constructive trust, and accounting actions, Magistrate Judge Stewart noted allegations that Defendant had secretly and unlawfully divested Plaintiff of his interests as an heir and beneficiary to a property in Bearsville, New York. Dkt. No. 6 at 3 (citing Dkt. No. 1 at ¶¶ 7, 47-48, 50-51).

After review, the Court finds no clear error in Magistrate Judge Stewart's findings or recommendations. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED with prejudice and without leave to amend as to Count IV and Count V**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 15, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge